LOUISVILLE, NEW ORLEANS & TEXAS RY. CO. v. C. E. TAYLOR, SHERIFF, ETC.

1. TAXATION. *Exemption. Railroads. Charter of L. N. O. & T. Ry. Co.*
   The L. N. O. & T. Ry. Co., formed, by consolidation under legislative act, of the Memphis & Vicksburg R. R. Co. and the M. V. & S. I. R. R. Co. (Laws 1882, p. 1011) is entitled to the exemption from taxation secured by § 21 of the act of July 20, 1870, incorporating the Mobile & North-western R. R. Co.

2. SAME. *Charter of L. N. O. & T. Ry. Co. Out-lying property; when exempt.*
   The exemption from taxation, secured by charter to said company, extends to a short track or spur and steam digger used in reaching and getting gravel for the purpose of repairing its road-bed, although the track and gravel-pit are on land not owned by it, and the track runs out from the line of another railroad.

FROM the chancery court of Panola county.

HON. J. G. HALL, Chancellor.

The case is stated in the opinion.

*W. P. & J. B. Harris,* for appellant.

It is admitted that the gravel was necessary, and the gravel-pit was the most convenient one at the time for appellant. *McCulloch* v. *Stone,* 64 Miss. 378, settled that appellant is entitled to the exemption secured in the charter of the Mobile & Northwestern Railroad Co. The exemption claimed in that case was denied, because the out-lying land sought to be taxed was held by the company for speculation or sale, and not for the maintenance and construction of its road. The opinion expressly says that the exemption extended only to taxes due upon the property of the company necessary to the construction, equipment, maintenance

and operation of its road. Appellant is entitled to the exemption secured in the charter of the Vicksburg, Pensacola & Ship Island R. R. Co., which, by act of April 18, 1871, became the Mississippi Valley & Ship Island R. R. Co., and which afterwards became the Louisville, New Orleans & Texas Ry. Co. by consolidation. That charter gave the company the right to take and possess land for the purposes of necessary turn-outs, depots, cuttings, and embankments, and for obtaining gravel, stone etc., for the construction and maintenance of its railroad. It is not provided that such lands shall be immediately in connection with its main line. Cases of exemption of railroad property depend upon special facts of the case. Cooley on Taxation, 209.

The case in 33 N. J. relied on by appellee was departed from in the later report of the case. *State* v. *Hancock,* 35 N. J. L. 537.

*J. B. Harris,* of counsel for appellant, made an oral argument.

*T. M. Miller,* attorney-general for the state.

*McCulloch* v. *Stone,* 64 Miss. 378, is conclusive that appellant is not entitled to exemption from taxation on its out-lying lands. In view of that authority, it is superfluous to argue that property of this sort, not connected with its road as established, and forming no part of its line, was not contemplated by its charter. The decree of the court below is directly in line with *State, N. J. R. R.* and *T. Co.* v. *Hancock,* 33 N. J. L. 315.

*T. M. Miller,* attorney-general, also made an oral argument.

Woods, C. J., delivered the opinion of the court.

The appellant filed its bill in the chancery court of Panola county to restrain the appellee from the collection of taxes on one and one-half miles of track and one steam digger, for the year 1887. It appears that the mile and a half of track was not immediately connected with the appellant's line of railway, but was connected with the line of the Mississippi & Tennessee R. R., and ran out from the last named railway line to and through lands of one Wilson, in said Panola county. It also appears that the steam digger of appellant was located and used on said small track in getting gravel

from a pit or bed on said Wilson's land to be used in keeping in repair and in maintaining appellant's road-bed on its main line, and this mile and one-half of track and steam digger were used solely in transporting gravel to be used as aforesaid. It is made further to appear that the gravel-bed on Wilson's land was considered the most convenient place for appellant to secure gravel, and that the land on which the gravel-bed was situated was owned by Wilson, and appellant only had a license from the owner to lay its mile and a half of track and employ its steam digger in the manner and for the purposes hereinbefore recited. The steam digger was movable property, and during the year 1887 was removed from the gravel-bed on Wilson's land to other gravel-beds used by appellant, and appellant has not used this mile and a half of track and digger since July, 1887.

The injunction prayed in appellant's bill was sought and obtained on the ground of the exemption from taxation of said property, by virtue of the charter rights of appellant. No question affecting the liability to taxation of the lands of the appellant is presented. It is not an attempt to subject to taxation any property held by appellant for purposes of speculation or sale. The controversy arises out of the tax-collector's demand for taxes on property used solely by the appellant in the maintenance and repair of its road-bed.

In *McCulloch* v. *Stone*, 64 Miss. 378, which is cited as authority in briefs of counsel on both sides, the controversy, bearing upon the point we are now considering, arose out of the claim to exemption from taxation of out-lying lands of the railroad. Said Judge Cooper, speaking for the court: " The lands involved in this suit have no sort of connection with the business of the company ; they are owned by it only as the same character of lands would be owned by a private individual, and for the same purposes ; they were bought, not to enable the company to perform any duty it owes to the public, but that it might by dealing in them make a profit as a buyer and seller ; in this character we find nothing in the words or spirit of the exemption clause giving immunity from taxation." The property sought to be taxed, in the case at bar, had an

intimate and important connection with the business of the com-
pany ; it was held and used by the company to enable it to perform
a duty it owed to the public, and clearly does not fall under the
operation of any rule, announced in *McCulloch* v. *Stone*, by which
liability to taxation is established.

The use of this small track—the mere superstructure upon the
lands of another—and the steam digger in procuring gravel to be
used solely in the maintenance and safe operation of appellant's
line of railway, was necessary and convenient, in our opinion, and,
as seems to be admitted by counsel ;—*necessary*, not in the sense of
being indispensable, but as being useful and proper and convenient,
as a means to an end. It is quite clear to us that the small track
and steam digger, as used, were necessary and convenient in the
maintenance and operation of the appellant's railway.

In this view, was the property embraced in this proceeding sub-
ject to taxation ?

The charter of the Vicksburg, Pensacola & Ship Island R. R.
Co. [which became the Mississippi Valley and Ship Island R. R.,
acts of 1873, p. 562, and which subsequently, by consolidation,
became the Louisville, New Orleans & Texas R. R.] declares :
" That the said corporation is hereby authorized to take and
receive by grant, bequest or gift, and to own and possess any real
and personal estate that may be devised or given to it, . . . . and
to obtain by purchase, and to own and possess any real and per-
sonal estate that may be necessary and convenient for the construc-
tion, maintenance and management of said railroad, whether such
real and personal estate may be situated or may be granted, de-
vised, given or obtained by purchase, within the limits of the state
of Mississippi or elsewhere ; . . . . and said corporation is also
hereby authorized to lay out their said railroad, within the state of
Mississippi, not exceeding two hundred feet wide, upon any lands
within said state, and to take and possess the same, and for the
purposes of necessary turn-outs, depots, cuttings and embankments,
and for obtaining stone, gravel, timber, and other materials for the
construction and maintenance of said railroad, to take and possess
as much more land as may be necessary for the construction, main-

tenance, and security of·said railroad;" provided all damages arising from the taking of lands and material shall be paid for as directed in the act of incorporation.

By an act of the legislature approved March 3, 1882, p. 1011, session acts of that year, the Memphis & Vicksburg R. R. Co. and the Mississippi Valley and Ship Island R. R. Co. were authorized to consolidate with each other, and with any other railroad company, and such consolidated company, it is declared by said act, " shall have, enjoy, and possess all the rights, ways, privileges, franchises, property, grants and immunities which are now possessed by the companies which may enter into such consolidation."

Under the provisions of the charters cited and the act of consolidation just referred to, it appears that the appellant had authority and power to use the small piece of track and the steam digger, in the manner and place mentioned heretofore, if the same was necessary and convenient for the maintenance and security of the railroad.

We think the appellant entitled to the exemption contained in the 21st sec. of the charter of the Mobile and Northwestern R. R. Co., acts of 1870, p. 255, which exemption was conferred upon the consolidated railways by chapter 555, acts of 1882.

*Reversed and remanded.*